﻿Citation Nr: AXXXXXXXX
Decision Date: 08/29/19 Archive Date: 08/28/19

DOCKET NO. 190722-13178
DATE: August 29, 2019

ORDER

Entitlement to service connection for prostate cancer is GRANTED.

Entitlement to service connection for atherosclerotic cardiovascular disease / coronary artery disease (claimed as heart condition) is GRANTED.

Entitlement to service connection for Parkinson’s disease is GRANTED.

FINDINGS OF FACT

1. The Veteran served in Thailand, southeast Asia, with service at the perimeter of Korat RTAFB. He is presumed to have been exposed to herbicide agents, to include Agent Orange.

2. Prostate cancer is etiologically related to Air Force service on a presumptive basis.

3. Atherosclerotic cardiovascular disease / coronary artery disease (claimed as heart condition) is etiologically related to Air Force service on a presumptive basis.

4. Parkinson’s disease is etiologically related to Air Force service on a presumptive basis. 

CONCLUSIONS OF LAW

1. The criteria for service connection for prostate cancer have been met. 38 U.S.C. §§ 1110, 1111, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

2. The criteria for service connection for atherosclerotic cardiovascular disease / coronary artery disease (claimed as heart condition) have been met. 38 U.S.C. §§ 1110, 1111, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

3. The criteria for service connection for Parkinson’s disease have been met. 38 U.S.C. §§ 1110, 1111, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably in the United States Air Force from November 1954 to August 1975.

In March 2019, the agency of original jurisdiction (AOJ) denied all three claims listed on the title page of this Board decision. In May 2019, the Veteran submitted a VA Form 20-0996, requesting higher-level review. In June 2019, the AOJ confirmed and continued all three denials. In July 2019, the Veteran submitted a VA Form 10182, requesting direct Board review of the evidence considered by the AOJ when it denied his three entitlement claims.

SERVICE CONNECTION

To substantiate an entitlement claim for service connection, there must be evidence of a current disability; evidence of incurrence or aggravation of a disease or injury in service; and evidence of a nexus between the current disability and the disease or injury in service. See Shedden v. Principi, 381 F.3d 1153, 1166-1167 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303 (a).

VA regulations provide that certain diseases associated with exposure to herbicide agents may be presumed to have been incurred in service even if there is no evidence of the disease in service, provided the requirements of 38 C.F.R. § 3.307 (a)(6) are met. 38 C.F.R. § 3.309 (e). A Veteran who, during active service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the Veteran was not exposed to any such agent during that service. 38 C.F.R. § 3.307 (a). The term “herbicide agent” means a chemical in an herbicide, including Agent Orange, used in support of the United States and allied military operations in the Republic of Vietnam during the Vietnam era.

If a Veteran was exposed to an herbicide agent during active service, the following diseases shall be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307 (d) are also satisfied: AL amyloidosis; chloracne or other acneform disease consistent with chloracne; Type 2 diabetes (also known as Type II diabetes mellitus or adult-onset diabetes); Hodgkin’s disease; all chronic B cell leukemias; multiple myeloma; non-Hodgkin's lymphoma; Parkinson’s disease; early-onset peripheral neuropathy; porphyria cutanea tarda; prostate cancer; respiratory cancers (cancer of the lung, bronchus, larynx or trachea); soft-tissue sarcoma (other than osteosarcoma, chondrosarcoma, Kaposi's sarcoma, or mesothelioma); and ischemic heart disease, (including, but not limited to, acute, subacute, and old myocardial infarction); atherosclerotic cardiovascular disease including coronary artery disease (including coronary spasm) and coronary bypass surgery; and stable, unstable and Prinzmetal’s angina), shall be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307 (d) are also satisfied. 38 C.F.R. § 3.309 (e).

It is the policy of VA to administer the law under a broad interpretation, consistent with the facts in each case, with all reasonable doubt to be resolved in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

1. Entitlement to service connection for prostate cancer is granted.

In May 2018, the Veteran submitted a VA Form 21-5265EZ. Therein, the Veteran initiated his entitlement claim for service connection for prostate cancer, resulting from Agent Orange exposure. 

Again, if a Veteran was exposed to an herbicide agent during active service, prostate cancer shall be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of such disease during service. See 38 C.F.R. § 3.309 (e).

In July 1979 and April 2016, the Veteran’s service treatment records (STRs) were associated with the claims file. After deliberate and prolonged consideration, the Board notes that the STRs are devoid of a notation that would support in-service treatment, or an incurrence, of prostate cancer. 

In May 2018, VA received the Veteran’s treatment notations from Urology Clinics of North Texas. Therein, the provider noted a current diagnosis for prostate cancer. 

In July 2018, the Veteran underwent a VA examination to consider the nature and etiology of any currently endured prostate cancer. At that time, the VA provider noted a May 2018 diagnosis for adenocarcinoma of the prostate. The VA provider noted the Veteran must void every hour (or less) during the day, and he must wake 5 times (or more) each night to void. The VA provider opined that the Veteran’s prostate cancer, is at least as likely as not (50 percent or greater probability) caused by the conceded Agent Orange exposure. 

In January 2019, the Veteran’s military personnel records (MPRs) were associated with the claims file. The Veteran’s MPRs indicate that the Veteran was assigned to the Korat RTAFB, Thailand from April 1967 to April 1968. The Veteran’s performance report for this period concludes with, “a portion of this duty was performed in Southeast Asia.” 

In March 2019, a formal finding was noted within the Veteran’s claims file. Therein, it was reported that, “while the Veteran indicated he was exposed to herbicides at Korat RTAFB Thailand, which is a recognized location for possible AO exposure . . .. there is no evidence that the veteran served as a member of a Military Police Unit, Security Policeman, Dog Handler or otherwise near the base perimeter as shown by evidence of daily work duties or supporting service in Vietnam and exposure to herbicide agents. In the absence of any supporting evidence, we have determined that the information required to verify the veteran’s claim of herbicide exposure is insufficient to send to Joints Services Records Research Center (JSRRC) and/or insufficient to allow for meaningful research of Marine Corps or National Archives and Records Administration (NARA) records.”

In March 2019, the AOJ denied the Veteran’s entitlement claim for prostate cancer. At that time the AOJ concluded that, “service connection for prostate cancer is denied as the evidence of record fails to show that this condition was incurred in or a result of military service, or manifested to a compensable degree within one year after separation from military service. Additionally, there is no evidence showing that you were exposed to herbicides in service and subsequently developed this condition.”

In June 2019, the Veteran’s representative identified the following factual error during an informal conference: “the Veteran’s service personnel record dated 07/16/68 notes the Veteran was assigned as the Supply NCO, and that maintaining supply location points may mean that the Veteran traveled in or around the base perimeter.”

In June 2019, the AOJ continued to deny the Veteran’s entitlement claim for service for prostate cancer. At that time, the AOJ remarked that, “Compensation Service has determined that a special consideration of herbicide exposure on a factual basis should be extended to Veterans whose duties placed them on or near the perimeters of Thailand military bases. While we acknowledge that you served at Korat Royal Thai Air Force Base from October 23, 1967 through October 15, 1968, your duties do not place you on or near the base perimeter. Review of your performance report during that time indicates you were assigned as the Supply NCO in the Structural Repair shop. You were responsible for maintaining bench stock items, and ordering and maintaining stock levels. In addition, you created a filing system of stock numbers and supply location points, and helped with many major and complex repairs. While we commend your service; unfortunately, there is no evidence showing that your duties placed you on or near the perimeter of Korat Royal Thai Air Force Base.”

Upon review of the record, and affording the Veteran the benefit of the doubt, the Board concludes that it is at least as likely as not that his service at Korat RTAFB include duties near the perimeter at some point. As a result, service connection for prostate cancer is warranted on a presumptive basis. See 38 C.F.R. §§ 3.307 (a)(6), 3.309(e).

2. Entitlement to service connection for atherosclerotic cardiovascular disease / coronary artery disease (claimed as heart condition) is granted.

In April 2018, the Veteran submitted a VA Form 21-526EZ. Therein, the Veteran initiated his entitlement claim for service connection for a heart condition, resulting from Agent Orange exposure.

Again, if a Veteran was exposed to an herbicide agent during active service, atherosclerotic cardiovascular disease and/or coronary artery disease shall be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of such disease during service. See 38 C.F.R. § 3.309 (e).

In July 1979 and April 2016, the Veteran’s service treatment records (STRs) were associated with the claims file. After deliberate and prolonged consideration, the Board notes that the STRs are devoid of a notation that would support in-service treatment, or an incurrence, of a heart condition. 

In July 2018, the Veteran underwent a VA examination that considered the nature and etiology of any currently endured heart condition. The VA provider noted 2005 diagnoses for coronary artery disease and atherosclerotic cardiovascular disease. The VA provider noted that the Veteran’s diagnoses required continuous use of multiple medications for control. The VA provider opined that the Veteran’s coronary artery disease and atherosclerotic cardiovascular disease are at least as likely as not (50 percent or greater probability) caused by the conceded Agent Orange exposure.

In August 2018, VA received the Veteran’s treatment records from the Lake Point Medical Center. Therein, it was reported that, “regional wall motion abnormalities cannot be excluded due to limited visualization of endocardial borders. The aortic valve area is 1.1 cm2 by continuity equation and correlates to moderate valvular aortic stenosis. Doppler interrogation reveals moderate aortic insufficiency. Unable to calculate RVSP due to incomplete TR envelope.” 

In January 2019, the Veteran’s military personnel records (MPRs) were associated with the claims file. The Veteran’s MPRs indicate that the Veteran was assigned to the Korat RTAFB, Thailand from April 1967 to April 1968. The Veteran’s performance report for this period concludes with, “a portion of this duty was performed in Southeast Asia.” 

In March 2019, a formal finding was noted within the Veteran’s claims file. Therein, it was reported that, “while the Veteran indicated he was exposed to herbicides at Korat RTAFB Thailand, which is a recognized location for possible AO exposure . . .. there is no evidence that the veteran served as a member of a Military Police Unit, Security Policeman, Dog Handler or otherwise near the base perimeter as shown by evidence of daily work duties or supporting service in Vietnam and exposure to herbicide agents. In the absence of any supporting evidence, we have determined that the information required to verify the veteran’s claim of herbicide exposure is insufficient to send to Joints Services Records Research Center (JSRRC) and/or insufficient to allow for meaningful research of Marine Corps or National Archives and Records Administration (NARA) records.”

In March 2019, the AOJ denied the Veteran’s entitlement claim for a heart condition. At that time the AOJ concluded that, “service connection for atherosclerotic cardiovascular disease; coronary artery disease (claimed as heart condition) is denied as the evidence of record fails to show that this condition was incurred in or a result of military service, or manifested to a compensable degree within one year after separation from military service. Additionally, there is no evidence showing that you were exposed to herbicides in service and subsequently developed this condition.”

In June 2019, the Veteran’s representative identified the following factual error during an informal conference: “the Veteran’s service personnel record dated 07/16/68 notes the Veteran was assigned as the Supply NCO, and that maintaining supply location points may mean that the Veteran traveled in or around the base perimeter.”

In June 2019, the AOJ continued to deny the Veteran’s entitlement claim for service for a heart condition. At that time, the AOJ remarked that, “Compensation Service has determined that a special consideration of herbicide exposure on a factual basis should be extended to Veterans whose duties placed them on or near the perimeters of Thailand military bases. While we acknowledge that you served at Korat Royal Thai Air Force Base from October 23, 1967 through October 15, 1968, your duties do not place you on or near the base perimeter. Review of your performance report during that time indicates you were assigned as the Supply NCO in the Structural Repair shop. You were responsible for maintaining bench sock items, and ordering and maintaining stock levels. In addition, you created a filing system of stock numbers and supply location points, and helped with many major and complex repairs. While we commend your service; unfortunately, there is no evidence showing that your duties placed you on or near the perimeter of Korat Royal Thai Air Force Base.”

Upon review of the record, and affording the Veteran the benefit of the doubt, the Board concludes that it is at least as likely as not that his service at Korat RTAFB include duties near the perimeter at some point. As a result, service connection for atherosclerotic cardiovascular disease and coronary artery is warranted on a presumptive basis. See 38 C.F.R. §§ 3.307 (a)(6), 3.309(e).

3. Entitlement to service connection for Parkinson’s disease is granted.

In April 2018, the Veteran submitted a VA Form 21-526EZ. Therein, the Veteran initiated his entitlement claim for service connection for Parkinson’s disease, resulting from Agent Orange exposure.

Again, if a Veteran was exposed to an herbicide agent during active service, Parkinson’s disease shall be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of such disease during service. See 38 C.F.R. § 3.309 (e).

In July 1979 and April 2016, the Veteran’s service treatment records (STRs) were associated with the claims file. After deliberate and prolonged consideration, the Board notes that the STRs are devoid of a notation that would support in-service treatment, or an incurrence, of Parkinson’s disease. 

In July 2018, the Veteran underwent a VA examination that considered the nature and etiology of the any currently endured Parkinson’s disease. At that time, the VA provider noted a June 2018 diagnosis for Parkinson’s disease. The VA provider reported the following functional impact: “Veteran is a fall risk and has mild dementia (memory deficits, deficit in concentration).” The VA provider reported mild to moderate motor manifestations. The VA provider opined that the Veteran’s Parkinson’s disease is at least as likely as not (50 percent or greater probability) caused by the conceded Agent Orange exposure.

In January 2019, the Veteran’s military personnel records (MPRs) were associated with the claims file. The Veteran’s MPRs indicate that the Veteran was assigned to the Korat RTAFB, Thailand from April 1967 to April 1968. The Veteran’s performance report for this period concludes with, “a portion of this duty was performed in Southeast Asia.” 

In March 2019, a formal finding was noted within the Veteran’s claims file. Therein, it was reported that, “while the Veteran indicated he was exposed to herbicides at Korat RTAFB Thailand, which is a recognized location for possible AO exposure . . .. there is no evidence that the veteran served as a member of a Military Police Unit, Security Policeman, Dog Handler or otherwise near the base perimeter as shown by evidence of daily work duties or supporting service in Vietnam and exposure to herbicide agents. In the absence of any supporting evidence, we have determined that the information required to verify the veteran’s claim of herbicide exposure is insufficient to send to Joints Services Records Research Center (JSRRC) and/or insufficient to allow for meaningful research of Marine Corps or National Archives and Records Administration (NARA) records.”

In March 2019, the AOJ denied the Veteran’s entitlement claim for Parkinson’s disease. At that time the AOJ concluded that, “service connection for Parkinson’s disease is denied as the evidence of record fails to show that this condition was incurred in or a result of military service, or manifested to a compensable degree within one year after separation from military service. Additionally, there is no evidence showing that you were exposed to herbicides in service and subsequently developed this condition.”

In June 2019, the Veteran’s representative identified the following factual error during an informal conference: “the Veteran’s service personnel record dated 07/16/68 notes the Veteran was assigned as the Supply NCO, and that maintaining supply location points may mean that the Veteran traveled in or around the base perimeter.”

In June 2019, the AOJ continued to deny the Veteran’s entitlement claim for service for Parkinson’s disease. At that time, the AOJ remarked that, “Compensation Service has determined that a special consideration of herbicide exposure on a factual basis should be extended to Veterans whose duties placed them on or near the perimeters of Thailand military bases. While we acknowledge that you served at Korat Royal Thai Air Force Base from October 23, 1967 through October 15, 1968, your duties do not place you on or near the base perimeter. Review of your performance report during that time indicates you were assigned as the Supply NCO in the Structural Repair shop. You were responsible for maintaining bench sock items, and ordering and maintaining stock levels. In addition, you created a filing system of stock numbers and supply location points, and helped with many major and complex repairs. While we commend your service; unfortunately, there is no evidence showing that your duties placed you on or near the perimeter of Korat Royal Thai Air Force Base.”

Upon review of the record, and affording the Veteran the benefit of the doubt, the Board concludes that it is at least as likely as not that his service at Korat RTAFB include duties near the perimeter at some point. As a result, service connection for Parkinson’s disease is warranted on a presumptive basis. See 38 C.F.R. §§ 3.307 (a)(6), 3.309(e).

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board RLBJ, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.